IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA<br>　　　Plaintiff,<br>v.<br>TREVOR SCOTT SPARKS<br>　　　Defendant. | 18-00293-2 |

MOTION FOR DISCOVERY SANCTIONS

Defendant Trevor Scott Sparks, by and through appointed counsel Joseph W. Vanover, moves this Court to order discovery sanctions. In support of this Motion for Discovery Sanctions, the defense states as follows:

PROCEDURAL AND FACTUAL HISTORY

Mr. Sparks and others were indicted on December 12, 2018 by a superseding Indictment (Doc. 18) which alleged, inter alia, Mr. Sparks committed several crimes punishable by up to life imprisonment. Mr. Sparks is presently charged with the same offenses by the second superseding Indictment (Doc. 127). Mr. Sparks has been detained without bond. The case is set for trial during the joint criminal jury trial docket commencing October 28, 2019.

The first scheduling order after Mr. Sparks' indictment was entered on December 20, 2018. (Doc. 45). It ordered that within 14 days the government shall disclose or make available several categories of discovery. Another scheduling order was filed January 7, 2019. (Doc. 69). It ordered that within 14 days the government shall disclose or make available several categories of discovery. Other scheduling orders were also filed with like requirements.

Counsel for Mr. Sparks was first notified that discovery was available for pick up on February 14, 2019. The discovery provided included multiple recordings and Bates-stamped pages

of documents totaling 84,718.[1] The police reports, FBI narratives and other documents were not organized. Many of the documents were duplicates. For instance, a report of property seized at one location is contained in the discovery at pages 13985, 5726, 5979, 6223, 7982, 8219, 8228 and 8573. A statement of one person is duplicated in the discovery at 9035, 6315, 6896, 6959, 7022, 7108, 8470 and 8672. Some of the pages were marked "draft" even though it appears the "draft" report was later finalized.

The trial of this case was continued on May 20, 2019. (Doc. 121). A new scheduling order was filed on May 23, 2019, which again ordered the government to provide certain discovery within 14 days. (Doc. 123). A supplemental batch of discovery was made available on July 8, 2019. Some of the scheduling orders state that there is *Brady* and *Giglio* material. All the scheduling orders require the government to disclose *Brady* evidence within 14 days. To date the government has not disclosed the *Brady* evidence.

Mr. Sparks filed a Motion to Suppress on Friday, July 26, 2019 based on discovery received to that date. (Doc. 166). The motion involves occurrences at 5501 Smart Avenue. *See* Motion to Suppress, Doc. 166, which is incorporated hereby. On Monday, July 29, 2019, the government notified defense counsel that yet more discovery was available. This most recent batch is so large that it cannot be disseminated; it may only be reviewed at the FBI office. Defense counsel was informed that the latest batch of discovery results from a "pole camera" that was directed at 5501 Smart Ave. from August 16, 2018 to December 7, 2018. Thus, the recording stopped several days Mr. Sparks was indicted.

---

[1] One of the documents appears to be the pdf version of a spreadsheet containing approximately 65,000 pages. Thus, not counting this one file, the number of pages of documents would equal roughly 20,000.

It is unknown if the pole camera evidence will be relevant to the Motion to Suppress. Defense counsel requested the government provide all summaries of what is shown on the pole camera evidence. Special Agent Trisha McCormick, FBI, informed defense counsel that there are no "official written summaries at this time." Defense counsel requested the government turn over the unofficial summaries of what is shown on the pole camera evidence. The government refuses to disclose unofficial summaries. The scheduling orders require the government to provide "all logs, notes, reports or other material related to electronic surveillance." *See* Scheduling Order, III, D, 2, f.

## LAW ON DISCOVERY VIOLATIONS

The rules of criminal procedure authorize this Court to order that the government comply with the prior scheduling orders and permit discovery or to prohibit the government from introducing the undisclosed evidence. Rule 16(d)(2) states:

*Failure to Comply.* If a party fails to comply with this rule, the court may:

**(A)** order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

**(B)** grant a continuance;

**(C)** prohibit that party from introducing the undisclosed evidence; or

**(D)** enter any other order that is just under the circumstances.

Fed. Rules Crim. Proc. R. 16.

## CONCLUSION

Mr. Sparks is prejudiced by the government's failures to comply with the scheduling orders. He has filed a Motion to Suppress in part related to the events at 5501 Smart Ave. and has now learned there is more evidence that may be relevant. The government refuses to provide summaries

3

of the pole camera evidence.  The government has yet to disclose the *Brady* evidence.  The thousands of pages of documents provided are not organized.  Defense counsel is forced to expend great amounts of time reviewing discovery which could be saved but for the government's discovery dump.

WHEREFORE, Mr. Sparks moves this Court to prohibit the government from introducing evidence disclosed subsequent to the filing of his Motion to Suppress, Doc. 166.  Mr. Sparks moves this Court to order the government comply with the prior scheduling orders and permit discovery, including disclosure of the *Brady* evidence.  Mr. Sparks moves this Court to order the government to provide the existing discovery in an organized fashion, without duplicates and without draft copies that have been put into final form.  Mr. Sparks moves this Court to order other relief that is just under the circumstances.

Vanover Law LLC

/s/ Joseph W. Vanover
Joseph W. Vanover, #48074
9800 NW Polo Dr., Ste 100
Kansas City, MO 64153
816-769-1948
fax 816-454-3678
jvanover@vanoverlaw.net
Attorney for Trevor Sparks

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the above and foregoing was transmitted to opposing counsel of record via the CM-ECF system on the date electronically stamped on the lower edge of this document.

by: /s/ Joseph W. Vanover
Joseph W. Vanover #48074
Attorney for Trevor Sparks