IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 18-00293-02-CR-W-DGK |
| TREVOR SCOTT SPARKS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Defendant Sparks' motion to sever. (Doc. Nos. 169, 414)[1] The Government responded with suggestions in opposition. (Doc. No. 428) For the following reasons, Defendant's motion will be denied.

I. BACKGROUND

On July 21, 2020, a Third Superseding Indictment was returned in this case against Defendant Sparks and twenty-four co-defendants. (Doc. No. 261) Count One charges all defendants except Defendant Sparks with conspiracy to distribute methamphetamine. Count Two charges all defendants with conspiracy to commit money laundering. Count Three charges Defendant Sparks with continuing criminal enterprise. Count Four charges all defendants except Defendants Kibodeaux, Rogan and McClure with possession of firearms in connection with drug trafficking crimes. Count Five charges Defendants Ginnings, Sparks, Patterson, Jones, Hansen, Mainieri, Hoyt, King, Nelson and Zieger with being a felon in possession of firearms and ammunition. Count Six charges Defendants Araujo, Walker, Thurmond, Schroeder, Meyers,

---

[1] In the instant motion (Doc. No. 414), Defendant renewed his original motion for severance filed on July 29, 2019 (Doc. No. 169).

1

Hack, Bechtel, Laws and Parton with being a drug user in possession of firearms and ammunition. There is also a criminal forfeiture allegation against all defendants. Relevant to analysis of the instant motion, the Court notes that Defendant Sparks is charged in Counts Two, Three, Four and Five.

## II. MOTION FOR SEVERANCE

The issues of joinder and severance are governed by Federal Rules of Criminal Procedure 8 and 14. Rule 8 establishes the requirements for joinder of offenses or defendants in the same indictment. Rule 14 allows the trial court to order severance, even though joinder of the offenses or defendants is proper under Rule 8, if joinder appears to prejudice the defendant or the government. The objective of both rules is to balance the prejudice inherent in joint trials against the interests in judicial economy.

**A.  Joinder**

Federal Rule of Criminal Procedure 8(b) governing the joinder of defendants provides, in relevant part, that defendants are properly joined if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The question of whether joinder is proper is to be determined from the face of the indictment, accepting as true the factual allegations in the indictment. *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018); *United States v. Massa*, 740 F.2d 629, 644 (8th Cir. 1984)(overruled on other grounds). Where an indictment charges all of the defendants with one overall count of conspiracy, joinder of defendants is proper under Rule 8. *United States v. Lane*, 474 U.S. 438, 447 (1986).

In this case, Count Two sets forth on its face a conspiracy to commit money laundering. Count Three charges Defendant Sparks with acting "in concert with five or more other persons,

2

which could include but not be limited to indicted and unindicted co-conspirators and others, including the defendants listed in this indictment," wherein Defendant Sparks "occupied a position of organizer, supervisor, or manager" of the drug conspiracy charged in Count One, and "obtained substantial income or resources."  Defendant Sparks does not challenge the propriety of joinder but instead argues the resulting prejudice.  Applying the appropriate standard and without challenge from Defendant, the Court thus finds that Defendant Sparks was properly joined.

**B.    Severance**

Federal Rule of Criminal Procedure 14 allows severance where joinder will prejudice a defendant.  A motion to sever is within the sound discretion of the trial court, and a denial of severance is not subject to reversal absent a showing of "real prejudice."  *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010)(internal citations and quotation marks omitted); *United States v. Nichols*, 416 F.3d 811, 816 (8th Cir. 2005).

"There is a preference . . . for joint trials of defendants who are indicted together."  *Zafiro v. United States*, 506 U.S. 534, 537 (1993). This is so because joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id*. (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)).  A joint trial of jointly indicted defendants is particularly appropriate when co-defendants are charged with conspiracy.  *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015).   A joint trial is favored especially when proof against the defendants is based upon the same evidence or acts.  *United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996)(quoting *United States v. O'Meara*, 895 F.2d 1216, 1219 (8th Cir. 1990)); *United States v. Agofsky*, 20 F.3d 866, 871 (8th Cir. 1994), *cert. denied*, 513 U.S. 909 (1994); *United States v. Rodgers*, 18 F.3d 1425, 1431 (8th Cir. 1994); *Stephenson*, 924 F.2d at 761.  This will almost always be the case with conspiracy charges since all of the evidence

3

presented against co-defendants will also be admissible against the moving defendant pursuant to *Pinkerton v. United States*, 328 U.S. 640 (1946) (holding that a member of a conspiracy may be held responsible for a co-conspirator's acts and statements in furtherance of the conspiracy). *See also United States v. Cotton*, 823 F.3d 430, 436 (8th Cir. 2016) (holding that co-conspirator statements were "undisputedly admissible as non-hearsay co-conspirator statements" pursuant to Fed. R. Evid. 402 and 801(d)(2)(E)); *United States v. Espinoza*, 684 F.3d 766, 778 (8th Cir. 2012) (holding in a drug conspiracy case that evidence of controlled drug buys from co-conspirators may be admissible against other defendants even though they did not personally participate in the drug buys).

For this Court to permit severance under Rule 14, the defendant must "affirmatively demonstrate that the joint trial prejudice[s] his right to a fair trial." *Sandstrom*, 594 F.3d at 644 (citation omitted). "The defendant carries a heavy burden in making this showing." *Id*. (quoting *United States v. Swinney,* 970 F.2d 494, 500 (8th Cir. 1992)). Here, Defendant Sparks argues by incorporation to his original motion to sever that jury instructions will not adequately protect his right to "cross examine witnesses against him and be free from warrantless and unreasonable searches and seizures." (Doc. No. 169, at pp. 2-3) Each argument will be addressed in turn.

Defendant Sparks first maintains he will be prejudiced by statements of non-testifying co-defendants. In *Bruton v. United States,* 391 U.S. 123 (1968), the Supreme Court held that the admission in a joint trial of a non-testifying co-defendant's confession expressly implicating the defendant violated the defendant's right under the Sixth Amendment to confront the witnesses against him, even if the trial court instructed the jury to consider the confession only against the co-defendant who had made the statement. In a more recent case, however, the Court held that the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's

confession with a proper limiting instruction when the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence. *Richardson v. Marsh,* 481 U.S. 200, 211 (1987). The Eighth Circuit has held that the Confrontation Clause is not violated where a defendant's name is replaced by a neutral pronoun and the redacted confession implicates the defendant only when connected with other evidence in the case, as long as the redacted confession along with other evidence does not lead the jury straight to the conclusion that the neutral pronoun refers to the defendant. *United States v. Williams*, 429 F.3d 767, 773 (8th Cir. 2005); *United States v. Miller,* 995 F.2d 865, 867 (8th Cir.), *cert. denied,* 510 U.S. 1018 (1993). Moreover, "when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated." *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004).

In this case, Defendant Sparks has not identified specific statements of non-testifying co-defendants that will be used against him at trial -- much less why redactions and limiting instructions would not limit any prejudice. His argument is too speculative to support further consideration of severance at this stage in the proceedings. As stated in the order on Defendant Sparks' original motion to sever (Doc. No. 205), the Court is aware of its continuing duty to grant a severance if and when prejudice becomes apparent, either before or during trial. S*chaffer v. United States*, 362 U.S. 511, 514-516 (1960); *United States v. Engleman*, 648 F.2d 478, 480 n.5 (8th Cir. 1981).

Defendant Sparks' second argument concerns evidence seized from two separate residences and which was the subject of a motion to suppress. He contends prejudice will result "if the jury receives evidence that is inadmissible against him, such as . . . evidence collected in violation of his 4th Amendment rights" in that "the jury will be unable to compartmentalize the

5

evidence found within the two residences." (Doc. No. 169, at pp. 2-3) Since the time of Defendant's original motion to sever, a Report and Recommendation on the suppression motion was issued. (Doc. No. 236) The District Court subsequently adopted the Report and Recommendation and denied the motion to suppress. (Doc. No. 238) As such, the Court has determined this evidence was not seized in violation of Defendant's 4th Amendment rights and his motion to sever is denied on this basis.

### III. CONCLUSION

For the above-stated reasons, it is

ORDERED that Defendant Sparks' motion for severance is denied.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE