# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-00293-01/25-CR-W-DGK |
| CHRISTOPHER D. PARTON, et al., ) | |
| Defendants. ) | |

## ORDER

On July 21, 2020, the Grand Jury returned a six-count Third Superseding Indictment against Defendant Parton and twenty-four co-defendants. (Doc. No. 261)

Now pending before the Court is Defendant Parton's motion for a continuance, seeking a setting on the November 1, 2021, trial docket. Defense counsel states additional time is needed for new counsel to receive discovery and for all defendants to continue to review the same. Counsel for Defendant Parton has also experienced difficulty communicating with her client due to restrictions necessitated by COVID. The motion (Doc. No. 406) sets forth the position of each of the other defendants. Only co-defendant Sparks objects to this request.[1] (Doc. No. 407)

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant

---

[1] Subsequent to the filing of the continuance motion, Defendants Schroeder and Hack withdrew their respective objections. (*See* Doc. Nos. 421, 427) Additionally, Defendant Rogan has since been arraigned and consents to a continuance.

is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to November 1, 2021, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, and thus, would deny the defendants a right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial. For these reasons, it is

ORDERED that Defendant Parton's motion for continuance is granted. (Doc. No. 406) This case is removed from the Joint Criminal Trial Docket which commences on May 3, 2021, and is set for trial on the Joint Criminal Jury Trial Docket which commences on November 1, 2021. It is further

ORDERED that the pretrial motion deadline for all defendants <u>except</u> Defendant Rogan is extended until May 21, 2021. The pretrial motion deadline for Defendant Rogan, who was arraigned on February 25, 2021, and who had not yet received discovery, is extended until July 1, 2021. It is further

ORDERED that a pretrial conference is set for October 13, 2021. The time of the conference will be provided later. It is further

ORDERED the time between the date of this Order and November 12, 2021, the last day of the November 1, 2021, Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

                                                    /s/ *Jill A. Morris*
                                                    JILL A. MORRIS
                                       UNITED STATES MAGISTRATE JUDGE