**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Case No. 18-00293-02-CR-W-DGK |
| ) | |
| Plaintiff, ) | Kansas City, Missouri |
| ) | February 25, 2022 |
| v. ) | |
| ) | |
| **TREVOR SCOTT SPARKS,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**TRANSCRIPT OF HEARING ON MOTION TO DETERMINE COMPETENCY
BEFORE THE HONORABLE JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Mr. Bruce A. Rhoades |
| | Assistant United States Attorney |
| | 400 E. Ninth St., Ste. 5510 |
| | Kansas City, MO  64106 |
| | (816) 426-3122 |
| For the Defendant: | Mr. F.A. White, Jr. |
| | 7924 N. Cherry Street |
| | Kansas City, MO  64118 |
| | (816) 454-5300 |
| Court Audio Operator: | Ms. Joella Baldwin |
| Transcribed by: | Rapid Transcript |
| | Lissa C. Whittaker |
| | 1001 West 65th Street |
| | Kansas City, MO  64113 |
| | (816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
                                                                    2
 1                  (Court in Session at 10:02 a.m.)
 2            THE COURT:  Good morning.  We are here for competency
 3   hearing in the case of 18-293-02, *United States of America vs.*
 4   *Mr. Trevor Sparks*.  I do ask that anyone -- everyone should be
 5   wearing a mask, and that those masks are placed over everyone's
 6   nose and mouth.  Again, 18-293-02, *United States of America vs.*
 7   *Mr. Sparks*.  Appearances, please, starting with the United
 8   States.
 9            MR. RHOADES:  Good morning, Your Honor.  Bruce Rhoades
10   for the United States.
11            THE COURT:  Thank you, Mr. Rhoades.  And for Mr. Sparks?
12            MR. WHITE:  Good morning, Your Honor.  Mr. Sparks is
13   here in person and by counsel, Al White.
14            THE COURT:  Good morning, Mr. White.  Good morning, Mr.
15   Sparks.  We are here on a Motion to Determine Competency to Stand
16   Trial.  I am in receipt of Dr. Jeremiah Dwyer's report.  The
17   report itself is dated January 12th, 2022.  It was filed January
18   19th, 2022, with the court at Document 535.  Dr. Dwyer is a
19   forensic psychologist.  Mr. Rhoades, have you received a copy of
20   this report?
21            MR. RHOADES:  I have, Your Honor.  I have nothing to add
22   to it.
23            THE COURT:  All right.  Thank you.  Mr. White, have you
24   received a copy of the report?
25            MR. WHITE:  I have, Your Honor.
```

1  THE COURT: All right. Have you had an opportunity to
2 review that report with your client?
3  MR. WHITE: I have.
4  THE COURT: Okay. And is there any stipulation that, if
5 Dr. Dwyer were called to testify, his testimony would be
6 consistent with that and the information contained in the report?
7  MR. WHITE: The defendant would stipulate.
8  THE COURT: All right. Mr. Rhoades?
9  MR. RHOADES: We would agree.
10  THE COURT: Okay. Mr. Rhoades, you already indicated
11 you didn't have anything further, in terms of evidence, testimony
12 or proffers.
13  MR. RHOADES: Correct.
14  THE COURT: Okay. Thank you. Mr. White, any additional
15 evidence, testimony or proffers from Mr. Sparks?
16  MR. WHITE: No, Your Honor. I'd like to make some
17 comments, if it's appropriate now or whenever the Court lets me.
18  THE COURT: You're welcome to. I have reviewed the
19 report in total, but you're welcome to make whatever comments or
20 remarks you'd like.
21  MR. WHITE: If I would, Your Honor, and part of this is
22 for Mr. Sparks' benefit, as well as making sure the record is
23 clear. I think there were some concerns expressed to Dr. Dwyer,
24 and I spoke with him several times by telephone as he was
25 preparing this report. There were some expressions of discontent

1  by Mr. Sparks with me.  He talked about that I wanted to talk
2  about other people with these Government witnesses and not about
3  him.  I think a lot of that was motivated after Trevor got back,
4  we spoke, and we spoke on the phone while he was at Florence, as
5  I think about it, was motivated by the fact that he thought, that
6  I thought that he was incompetent, and that it was me that
7  motivated this entire process.  I advised him I talked to Dr.
8  Dwyer and I said, and I think Dr. Dwyer mentions in the report
9  that it's sometimes problematic for a defense attorney when there
10 are issues that may involve his client that need to be addressed
11 as to how to handle it.  That doesn't mean I'm saying that he's
12 incompetent.  I just am saying there may be a problem.  And as a
13 matter of fact, in this case, as I explained to Trevor when he
14 got back, my motion wasn't for the hearing.  It was for a hearing
15 to determine whether what we should do because of the issues that
16 I had -- that had been brought to light, both to Mr. Rhoades and
17 myself regarding Trevor hurting himself.  And I think we've
18 gotten that resolved.

19       And one of my other issues that I have always thought
20 was that Mr. Sparks sometimes is two different people.  And I had
21 talked to Dr. Dwyer specifically about psychological problems
22 that might cause that.  He said that I had pinpointed what were
23 probably and ultimately was in his report, with regard to Mr.
24 Sparks and how he might react differently on one day than on
25 another day, which shed a lot of light on this for me.  So, my

1 concern was the medication regimen, which I think has been
2 clearly covered in the report, although I'm still somewhat
3 confused by it.  What I was hoping I could do, I understand that
4 Trevor has promised he would get back on his regimen, which he
5 has.  And today, we had a very good meeting before court.  And to
6 make sure that he continues that, and that the institution --
7 he's now at USP Leavenworth -- continues to give him his
8 medicine.  Trevor's concern was that they're crushing it into a
9 powder and giving him that medication, and so he doesn't really
10 know exactly what it is.  I know today he acted very well.  So,
11 I'm pretty satisfied with it today.  I don't know yet what the
12 Court would have to do on that or even what the institution might
13 do, if I raised that issue.  So, I thought maybe I would promise
14 to try to see what I could do without a court hearing.
15        We had one other issue last week when Mr. Sparks and I
16 were to appear by Zoom, and it involved his wanting access to the
17 law library.  Rather than have an attorney representation issue,
18 I don't think it's risen to that level.  I talked to him about
19 that today.  I told him that I hoped that we could work these
20 kind of problems out without the necessity of court intervention.
21 And I'm going to see what I can do there to get his flash drive
22 to him.  And I've spoken to Government counsel about what I can
23 do to summarize evidence, so that he can look at that and take
24 names out of it, whatever they tell me to do, and maybe get him
25 focused on where I want to focus, and that's 50 witnesses I'm

1   going to have to be preparing for.  So, I think we had a very
2   good meeting.  And if we could just cover that for today if there
3   are any future problems, then I could ask the Court to help us
4   out.
5           THE COURT:  I appreciate the heads up and the
6   information you shared, Mr. White.  Mr. Rhoades, do you believe
7   anything requires a response at this time?
8           MR. RHOADES:  No, Your Honor.
9           THE COURT:  All right.  So, considering the evidence
10  presented on the request to determine competency, I will be
11  issuing a Report and Recommendation with respect to this issue,
12  and that will be for Judge Kays' consideration.  I am ordering a
13  copy of the transcript from this proceeding.  Once my Report and
14  Recommendation is filed, both sides will have 14 days to file any
15  objections.  I do intend to recommend that Mr. Sparks is, in
16  fact, competent to stand trial.  And after that 14-day period
17  and, actually, after the District Judge enters an order with
18  respect to my Report and Recommendation, then if there are any
19  additional issues or items we need to take up, then the Court
20  will be in a position to do so at that time.  Anything further
21  for us to address?  Mr. Rhoades?
22          MR. RHOADES:  Not for the United States, Your Honor.
23          THE COURT:  Mr. White?
24          MR. WHITE:  No, Your Honor.  Thank you.
25          THE COURT:  Okay.  Thank you.  I do note in closing that

```
                                                               7
 1  the trial in this matter is set for the two-week docket beginning
 2  May 2$^{nd}$, with a pretrial conference on April 13$^{th}$.  With that, Mr.
 3  Sparks, sir, you are remanded back to the custody of the U.S.
 4  Marshals Service.  That concludes this proceeding.  Court stands
 5  in recess.  Thank you.
 6                    (Court Adjourned at 10:10 a.m.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1
2
3
4
5
6     I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.
7
8
9     /s/ Lissa C. Whittaker        February 28, 2022
      Signature of transcriber           Date
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25