# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 18-00293-01/25-CR-W-DGK |
| | ) |
| TREVOR SPARKS, | ) |
| | ) |
| Defendant, | ) |

### MOTION OF DEFENDANT TREVOR SPARKS
### FOR CONTINUANCE OF THE TRIAL SETTING
### WITH SUGGESTIONS IN SUPPORT

COMES NOW the F. A. White, Jr. counsel for Defendant, Trevor Sparks, and hereby moves this Court for its Order continuing the trial date presently set in the above-styled matter from its present setting of May 2, 2022, to the Court's Joint Accelerated Docket for Trial scheduled to commence on October 31, 2022, and in support of said motion, the undersigned states as follows:

### SUGGESTIONS IN SUPPORT

1. Defendant is presently charged along with twenty-four other individuals in four counts of a six-count third superseding indictment filed on July 21, 2020. **(Doc. 261)**. He is charged with the offenses of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§1956(a)(1)(A)(i),(B)(i)(ii),&(h); (Count 2); Engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. §§ 848(a)(b)(c) & (s); (Count 3); Possession of a firearm While Engaged in Drug Trafficking in violation of 18 U.S.C. §924(c)(1)(A)(i); (Count 4); and Felon in Possession of a

Firearm and Ammunition in violation of 18 U.S.C. §§922(g)(1)&924(a)(2); (Count 5). (Count 3 exposes Mr. Sparks to a mandatory life sentence upon conviction).

2. It is noteworthy, that Mr. Sparks and others had previously been indicted on December 12, 2018 by a superseding Indictment (**Doc. 18**) charging him with engaging in a Criminal Enterprise (Count 3); conspiring to launder money (Count 2); possessing firearms in furtherance of crimes of violence and drug trafficking crimes (Count 4); as well as possessing firearms following a conviction for a felony (Count 5); further, on June 4, 2019, Mr. Sparks was charged with the same offenses in a second superseding indictment. (**Doc. 127**). That, although counsel was, at that time, appointed to represent Mr. Sparks at his initial arraignment, it was not the undersigned, who was only appointed as successor counsel by this Court's Order dated March 15, 2021 (**Doc. 458**). On March 5, 2021, prior to the appointment of the undersigned, this Court entered its Order continuing the trial to November, 1, 2021. (**Doc. 453**). That Order was granted by the Court after discussion with all counsel of record, and given the fact that those discussions had indicated to the Court the complexity of this case, (the case had been declared "complex" by the Court on May 31, 2019, (**Doc. 126**))) given the substantial nature of the discovery materials that the defendants had had in their possession for many months, and, indeed, more than two years, at that time.

3. Undersigned counsel had advised the Court in a motion to continue that previous trial setting (November 21, 2021), that while he had worked diligently in order to be prepared to try the case on the November trial docket, if, in fact, it was finally determined that a trial would be necessary. (**Doc. 487**). Counsel further advised the Court, not only with regard to the difficulty that he was having in navigating the tremendous amount of discovery material produced at the time of his original appointment, but also of the fact substantial additional discovery material was being

further produced. Additionally, there had been behavioral problems with regard to Mr. Sparks that had seriously impaired counsel's ability to communicate with him and to work with him during this process. On September 17, 2021, counsel filed a motion requesting a hearing with regard to the necessity for a psychiatric evaluation (**Doc. 505**) but that this Court entered an Order directing that Mr. Sparks undergo a competency evaluation. (**Doc. 506**). While counsel had not necessarily believed that Mr. Sparks was "incompetent," he did believe that there were behavioral issues that might be addressed by medication and which might assist both Mr. Sparks and his attorney, with regard to their dealings with one another in the overall handling of this case.

4. That that evaluation has recently been completed, and this Court has entered a Report and Recommendations indicating that Mr. Sparks is competent to stand trial. (**Doc. 555**). Although the original Court's Order, directed that there be a determination of Mr. Spark's competency to proceed from a legal standpoint, counsel had several conversations with the psychologist handling this case, with regard to counsel's concern that it was often as if he was having to deal with two different people, and that there seemed to be such "anger" issues that were causing this, counsel specifically requested information regarding his medications and whether the persons conducting the evaluation would try to impress upon him the importance of maintaining a strict adherence to that "medication regimen," which Mr. Sparks indicated that he would.

5. Of further concern to counsel, was the fact that Mr. Sparks had apparently expressed to the psychologist conducting the evaluation his concerns that he was "frustrated" with his attorney and that he had not been able to view his discovery as he had been requesting. Counsel knew that this was not true but, again, had hoped that if he could get this proper "medication regimen" established and, ultimately, adhered to, Mr. Sparks would not be making any allegations such as this as he would, perhaps, be better able to deal with his intense anger issues and fear as well as all of the

other mixed emotions that he would, otherwise, likely be experiencing during this difficult and most stressful time for him.

6. Counsel now is happy to report that the psychologist overseeing the evaluation process, went on to discuss the necessity for Mr. Sparks to adhere to his medication regiment, and specifically has indicated what that list of medications should be. Counsel can further advise the Court that he has recently had several meaningful discussions with Mr. Sparks, who is now corresponding as requested, and that counsel finds him to be courteous, and respectful (which, though not necessary, certainly helps) and that, counsel believes that this medication regimen is, indeed being adhered to. Counsel's problem, however, is that he and his client have virtually lost all of the time between September 2021, through February 2022 as there were no meaningful communications between, he and Mr. Sparks during that time.

7. Counsel submits that the additional discovery which he has been reviewing these past months and which he needs additional time in which to review with Mr. Sparks, deals, in almost all respects, with Mr. Sparks and allegations involving his alleged role in this conspiracy. Thus, counsel needs this time in order to do as much as possible order to ensure that this discovery review process is completed. Counsel sees a difference and, notwithstanding the fact that this case has been pending for as long as it has, (and counsel would remind the Court that he only became involved in the case two years after its inception), the stakes are far too high and, given Mr. Sparks exposure to a mandatory life sentence, he believes that this request is not an unreasonable one, and that he, respectfully hopes that the Court will agree. Additionally, there have been recent discussions with government counsel regarding a possible resolution without there having to be a trial. Although that process may or may not prove successful, it, nevertheless, needs to be thoroughly explored and it would be very difficult (likely impossible) to do so given the short time

remaining before the trial in this case is presently scheduled to commence since the parties would be more concerned with trial preparation.

8. Counsel was also very concerned with regard to the attitudes and positions with respect to this continuance request on the part of all co-defense counsel and their respective clients. Thus, he first sought out those positions so that he could provide them to the Court with regard to each of the co-defendants in this case. He has now had the opportunity to discuss this matter further with counsel for each of the defendants with regard first to their position with regard to the motion to continue the case, and then with regard to a request that the case be continued to the Joint Accelerated Docket for Trial scheduled to commence on October 31, 2022. That the responses have been as follows: Two co-defendants, namely Christopher Dean Parton and Kenneth James McClure have previously entered pleas of guilty; counsel has also been advised by Shazzie Naseem, who represents defendant Marcus Patterson, that he had previously intended to file his own motion for continuance given the fact that he is now specially set for trial scheduled to begin in May, 2022, and which is expected to last four weeks and where both parties have already exchanged final witness lists and have designated a number of experts who will be called to testify. He further indicated that he would certainly join in undersigned counsel's continuance request and that both he and his client would also agree to the request that the case be reset to the October 31, 2022 trial docket; counsel has also contacted each of the attorneys representing each of the remaining co-defendants in the case. Each of them has indicated that they and their client would agree that the case be continued to the October 31, 2022 trial docket. Specifically, they include the following: David Bell represents defendant Kourtney Meyers; Carl Cornwell represents defendant Adam Mainieri; Cynthia Dodge. represents defendant Leeanna Schroeder; Arimeta DuPree represents defendant Phillip Hoyt; Edward Fehlig, Jr. represents defendant Patricia Nelson; Jane Francis represents defendant Gloria

Jones; Justin Gelfaud represents defendant Christopher Rogan; Gerald Gray, II represents defendant David Richards, II; Dione Greene represents defendant Logan Laws; Lance Haley represents defendant Marion McCrorey; Daniel Herrington represents defendant Gerald Ginnings; John Jenab represents defendant Stephanie Thurmond; Justin Johnston represents defendant Paul Kibodeaux; Preston Jones represents defendant Michael Zieger; David Kelly represents defendant Amanda Watson; Lisa Nouri represents defendant Leslie Walker; Keith O'Connor represents defendant Vicente Araujo; Dawn Parsons represents defendant Bobbie King; James Spies represents defendant Cory Hack; Wendel Toth represents defendant Rory Bechtel; and Jonathan Truesdale represents defendant Christian Hansen.

9. Undersigned counsel has also discussed the filing of this motion with Bruce Rhoades, Assistant United States Attorney representing the government in this case, who indicates that the government would not oppose this request for continuance nor would it oppose the requested resetting of the matter to the Court's Accelerated Docket for Trial set to commence on October 31, 2022.

10. The undersigned further states that this request for a continuance of the trial setting in this case is not made as the result of procrastination or a desire for unnecessary delay on the part of the defense, but rather due to fact that this additional time will benefit the undersigned in insuring that that he can more effectively represent Mr. Sparks in these proceedings. It is submitted that the above-stated reasons for a continuance outweighs the best interests of the public and the Defendant to a speedy trial as required by 18 U.S.C. § 3161(c)(1). This specific request has been discussed with Mr. Sparks. Mr. Sparks agrees that much time has been lost and that much work remains to be done by he and his counsel. He specifically has indicated that he prefers not to "formally join in this request" due to his belief that doing so might affect any appellate rights that he might have as a

result of the Court's various rulings in previous pretrial motions, and particularly with regard to a previous "speedy trial motion." He has stated, however, that he believes that the continuance will be granted. Counsel, has discussed this with Mr. Sparks, and has indicated that he (counsel) is requesting the continuance because they do need more time, and has advised Mr. Sparks, who may change his mind anyway, that he can address the Court regarding his concerns when he ultimately is asked his position on the request.

11. Under the provisions of 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv), the period of time until the next criminal trial docket should be excluded in computing the period of time in which a defendant should be brought to trial under the provisions of the Speedy Trial Act. This also has been explained to Mr. Sparks.

WHEREFORE for the above-stated reasons, the undersigned respectfully requests this Honorable Court to grant his request for its Order removing the case from the Accelerated Trial Docket commencing on May 2, 2022, and continuing it to the Accelerated Trial Docket scheduled to commence on October 31, 2022, and for such other orders as the Court may deem just and proper in the premises.

Respectfully Submitted,

/s/ F.A. White Jr.
F. A. White, Jr. #22565
7924 N. Cherry St.
Kansas City, Missouri 64118
(816) 454-5300
(816) 455-3443 FAX

ATTORNEY FOR DEFENDANT SPARKS

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, the forgoing was filed in the Court's electronic filing system and a copy electronically served on all parties.

/s/ F.A. White Jr.
F. A. White, Jr.