IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MISSOURI
WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:18-cr-00293-DGK ) |
| TREVOR SPARKS, | ) ) ) |
| Defendant, | ) |

**<u>DEFENDANT TREVOR SPARKS' MOTION FOR DISCLOSURE OF
GRAND JURY TRANSCRIPTS AND MEMORANDUM IN SUPPORT</u>**

Defendant Trevor Sparks, by and through undersigned counsel, respectively moves the Court, pursuant to Rules 6(e) and 26 of the Federal Rules of Criminal Procedure and the Sixth Amendment to the United States Constitution, for an order permitting the Defendant to inspect the transcripts of the Grand Jury for testimony of all witnesses who testified which he anticipates may be called as Government witnesses in the trial of this matter. In support of this motion, Defendant states the following.

Understandably, "[i]t has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). However, "[e]xceptions to the rule of nondisclosure will be made only where there

1

is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); accord *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994)

Based upon a review of the discovery provided to defense counsel to date, it appears that there may be confidential informants, cooperating individuals, or cooperating witnesses who have provided information to the Grand Jury that returned the indictment who either testified before the Grand Jury or whose testimony was summarized by law enforcement agents who testified before the Grand Jury.

Defendant Sparks is charged in the third superseding indictment with several charges including Continuing Criminal Enterprise with known and unidentified individuals. Rule 16(a)(1) of the Federal Rules of Criminal Procedure entitles a defendant to a transcript of his or her own Grand Jury testimony. Defendant did not testify before the Grand Jury, however, it is respectfully suggested that the testimony of his unidentified co-conspirators, government informants, and cooperating witnesses should be made available to him sufficiently in advance of the trial herein to allow him to (1) identify the unidentified co-conspirators referred to in the indictment; (2) prepare a defense to their allegations and to prepare to confront said individuals; and (3) to cross-examine their testimony in a knowing, intelligent, and meaningful manner. As noted in the Sixth Amendment to the United States Constitution, it provides in part that:

> "In all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him; to have compulsory process for obtaining witness in his favor, and to have the assistance of counsel for his defense."

How can the defendant confront, cross-examine, and dispute the Government's contention that he and the alleged, unidentified co-conspirators were involved in the alleged conspiracy without knowing who they are? He cannot, and the inability to do so is highly prejudicial.

Under Rule 26.2 of the Federal Rules of Criminal Procedure, a defendant is entitled to the Grand Jury transcripts of those prosecution witnesses who testify at trial. While the defendant recognizes that the general practice has been to withhold the production of Grand Jury minutes until such time as a government witness has testified, the Defendant would respectfully suggest that in the instant case, such a practice is impracticable and would be counterproductive to his counsel's preparation to cross-examine and confront the witnesses against him. Obviously, if the normal practice is followed in the instant case, this will make what is already anticipated to be a lengthy trial even longer and will certainly frustrate judicial economy and further inconvenience the jury. This will further deny the Defendant his right to ascertain whether or not the Grand Jury members who indicted him were provided with information by the Government regarding the identity of the unidentified co-conspirators and the compensation or other consideration, if any, extended to each by the Government. Such information clearly reflects on said witnesses' credibility and should be considered as exculpatory.

The investigative reports appear to clearly establish that one or more cooperating individuals or confidential informants actively participated in the Government's investigation, and/or provided information regarding the Defendant's activities. It is undersigned counsel's belief and understanding that some, if not all, of the unidentified co-conspirators and cooperating individuals have entered into agreements with the Government in which they have received or will receive substantial considerations or other benefits in return for their cooperating and testimony against the Defendant.

Defendant would respectfully submit that he should be allowed to inspect the Grand Jury transcripts to determine what all considerations the witnesses were given, and the identities and testimony of all unidentified co-conspirators and cooperating individuals. Since this determination cannot be made from the information and documents previously provided by the Government during the course of pretrial discovery, Defendant would respectfully suggest that the only way to make such a determination is by examining the evidence presented to the Grand Jury regarding the facts and circumstances surrounding the occurrences which form the basis for the "criminal enterprise" and who the alleged unidentified witnesses were.

WHEREFORE Defendant Sparks respectfully moves this Court for an order compelling disclosure of the Grand Jury transcripts.

Respectfully submitted,

/s/ F.A. "Al" White, Jr.
F.A. White, Jr., MO 22565
7924 N. Cherry, St.
Kansas City, MO 64118
816-454-5300
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above and foregoing was electronically filed with the Court this 15th day of September, 2022.

/s/ F.A. "Al" White, Jr.
F.A. White, Jr.