# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 4:18-CR-00293-DGK-02 |
| TREVOR SCOTT SPARKS, ) | |
| Defendant. ) | |

## ORDER DENYING MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNCHARGED CRIMES

Now before the Court is Defendant Trevor Sparks' motion in limine to exclude evidence of two uncharged crimes, namely the torture and murder of James Hampton and the murder of Brittany Broyles. ECF No. 679. Sparks argues that such evidence is based principally on the word of cooperating witnesses with no firsthand knowledge of the murders, and that its introduction would unfairly prejudice him, cause confusion of the issues, and waste time as he rebuts the allegations during a trial within a trial.

The Government responds that it seeks to introduce such evidence and evidence of other acts of violence committed by Defendant and coconspirators Gerald Ginnings and Markus Patterson that were committed during and in furtherance of the charged drug conspiracy. The Government contends that Sparks tortured and killed Hampton because he was connected to the theft of drugs and drug proceeds from the drug conspiracy, and that Sparks had Broyles killed because she knew too much about the beating and murder of Hampton, which could bring down the drug conspiracy. The other acts of violence the Government intends to offer include evidence of Sparks: assaulting an individual who stole items from the porch of his residence where he conducted his drug business; holding captive and beating an individual who introduced Sparks to

someone who later stole drug money from him; and assaulting and interrogating a woman who was suspected of informing on Spark's drug trafficking operation.

Assuming coconspirators will be testifying about these events, such evidence is admissible under binding Eighth Circuit caselaw as evidence of steps taken to advance and protect the drug conspiracy by controlling subordinates, collecting drug debts, discouraging theft from the conspiracy, and demonstrating the lengths to which the conspirators would go to protect their interest in the long-term viability of the conspiracy. *See United States v. Montano*, 506 F.3d 1128, 1132 (8th Cir. 2007); *United States v. Dierling*, 131 F.3d 722, 729-31 (8th Cir. 1997). Such testimony also demonstrates concerted drug-related action by all conspirators. *Dierling*, 131 F.3d at 731. The murder of Hampton and Broyles is also directly relevant as evidence on Count Three, which charges Sparks with continuing criminal enterprise. This charge requires the Government to prove that Sparks was an organizer, supervisor or manager of at least five others. To support a life sentence under this charge, the Government must prove Sparks was the principal administrator, organizer, or leader of the criminal enterprise. So while the evidence the Government seeks to introduce is highly prejudicial, it is not *unfairly* prejudicial under FRE 403. *Montano*, 506 F.3d at 1132.

Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Date: October 21, 2022        /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT

2

Case 4:18-cr-00293-DGK   Document 708   Filed 10/21/22   Page 2 of 2